

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-52,061-06

### EX PARTE DANNY RAY GUTTERY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14646 IN THE 29TH DISTRICT COURT
### FROM PALO PINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Guttery v. State*, No. 11-12-00160-CR (Tex. App.—Eastland July 10, 2014).

Applicant contends that his trial counsel was ineffective, his appellate counsel was ineffective, there is new evidence of actual innocence, and that the prosecution committed misconduct.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). There is an affidavit from trial counsel in the habeas record. However, the affidavit does not address all of Applicant's claims, and appears to have a typo since it is dated October 31, 2001, over a decade prior to the trial in this cause.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings regarding whether appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings regarding Applicant's alleged new evidence of actual innocence. The trial court shall make findings regarding alleged prosecutorial misconduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 18, 2016
Do not publish